UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARIBEL AQUINO,
               Plaintiff,

                                                **COMPLAINT &**
     v.                                               **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 46th Precinct,
NEW YORK CITY POLICE DETECTIVE
DEREK RIVERA, Shield # 4356,
Narcotics Borough Bronx,
NEW YORK CITY POLICE
DETECTIVE SHARLINE HANNIBAL, Shield # 1820
Narcotics Borough Bronx,
NEW YORK CITY POLICE
DETECTIVE JANE DOE,
Narcotics Borough Bronx
               Defendant(s).
---------------------------------------------------------X

## PRELIMINARY STATEMENT

    1.  This is a Civil Rights action in which Plaintiff, MARIBEL AQUINO, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

    2.  Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

### VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

### PARTIES

7. Plaintiff, MARIBEL AQUINO is a United States Citizen and resident of the United States, and at all times relevant herein is a resident of the State of New York.

8. Defendants NEW YORK CITY POLICE OFFICER JOHN DOE, of the 46th Precinct, NEW YORK CITY POLICE DETECTIVE DEREK RIVERA, Shield Number 4356, Narcotics Borough Bronx, NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL, Shield Number 1820 and NEW YORK CITY POLICE DETECTIVE JANE DOE also of Narcotics Borough Bronx, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICERS JOHN DOE, NEW YORK CITY POLICE DETECTIVE DEREK RIVERA, Shield Number 4356, NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL, Shield

Number 1820 and Defendant NEW YORK CITY POLICE DETECTIVE JANE DOE are sued individually and in their official capacity.  At all times relevant, Defendant OFFICERS JOHN DOE, NEW YORK CITY POLICE DETECTIVE DEREK RIVERA, Shield Number 4356, NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL, Shield Number 1820 and NEW YORK CITY POLICE DETECTIVE JANE DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendant OFFICERS JOHN DOE, NEW YORK CITY POLICE DETECTIVE DEREK RIVERA, Shield Number 4356, NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL, Shield Number 1820 and Defendant NEW YORK CITY POLICE DETECVIE JANE DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

     9.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers and maintenance of police facilities as said risk attaches to the public consumers of the services provided by its NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York and Defendant CITY OF NEW YORK.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers and maintenance of police facilities.

**STATEMENT OF FACTS**

**First Incident (Excessive Force, Malicious Prosecution)**

11. On November 28, 2009 in the vicinity of 45 West 183rd Street and Grand Avenue in Bronx County at approximately 1:30 p.m., the Plaintiff was walking with two male friends named George and Lamont.  Another individual, known to the Plaintiff, came over and began to speak with the Plaintiff as the Plaintiff walked down the street.  This individual left and the Plaintiff walked past George and Lamont on her way to her destination.  After a few minutes, as the Plaintiff walked toward her destination, she observed two members of the NEW YORK CITY POLICE DEPARTMENT, one of whom was Defendant OFFICER JOHN DOE exit a jeep.  Defendant OFFICER JOHN DOE ordered the Plaintiff and George and Lamont to "freeze", even though the Plaintiff had walked past George and Lamont.  The Plaintiff complied with the order, whereupon the Plaintiff observed George drop two bags of a green leafy substance to the ground.  Upon seeing that the Plaintiff stated to Defendant Officer JOHN DOE in sum and substance "awe man, I had nothing to do with that."  Defendant Officer DOE stated to the Plaintiff in sum and substance "we were parked right here, we saw you make a sale".  Despite the Plaintiff's protests to the contrary, Defendant Officer JOHN DOE ordered the Plaintiff to place her hands behind her back.  The

Plaintiff was handcuffed with her hands behind her back and placed inside of another vehicle by Defendant Officer JOHN DOE, along with her friend George. Defendant OFFICER DOE proceeded to drive the Plaintiff to 183rd Street and Aqueduct Avenue, where the Plaintiff observed the police place her friend Lamont under arrest. Defendant OFFICER DOE proceeded to transport the Plaintiff to the 46th Precinct. While en route, Defendant OFFICER JOHN DOE turned around and asked the Plaintiff what she was doing in the back seat. The Plaintiff stated to Defendant OFFICER JOHN DOE that her handcuffs were too tight. Defendant OFFICER JOHN DOE proceeded to pull the car over, whereupon he exited the car and forcibly removed the Plaintiff from the vehicle. Defendant OFFICER JOHN DOE proceeded to take the handcuffs off of the Plaintiff, only to immediately put them back on, unnecessarily and intentionally affixing the handcuffs on the Plaintiff's wrist much tighter, causing the Plaintiff extreme pain, and resulting in Plaintiff requiring medical attention and causing Plaintiff to sustain nerve damage to her right thumb and wrist. The Plaintiff was subsequently searched at the 46th precinct and ultimately charged with allegedly violating Penal Law section 221.40, under docket Number 2009BX075914, upon the sworn complaint of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, which had no legal basis, and which was maliciously and falsely made by Defendant NEW YORK CITY POLICE OFFICER JOHN DOE. After making several Court appearances to defend herself against the criminal allegations, all criminal charges against Plaintiff were dismissed on March 17, 2010 in Bronx Criminal Court.

**Second Incident (False Arrest, Excessive Force, Malicious Prosecution)**

12. On June 8, 2011 at approximately 7:00 p.m. the Plaintiff, who works in a hair salon owned by her mother in Bronx County, was working in the establishment when an individual, known by the Plaintiff to be a member of the NEW YORK CITY POLICE DEPARTMENT, entered

the location and asked to speak with an individual named "Maribella". The Plaintiff informed this individual that there was no one at the establishment by that name, and that her name was "Maribel". The Plaintiff then asked the individual how she could help her. The individual stated to the Plaintiff that she would like to set up an appointment for her niece for graduation. The Plaintiff then asked this individual when she would like to set up the appointment, whereupon the individual stated "June 23". The Plaintiff stated that that date was fine, whereupon the individual left the salon. Approximately five to ten minutes after the individual left the salon, several members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendants, DETECTIVE DEREK RIVERA, Shield Number 004356, of Narcotics Borough Bronx, DETECTIVE SHARLINE R. HANNIBAL, Shield Number 001820, of Narcotics Borough Bronx and DETECTIVE JANE DOE, entered the salon and went directly to the back of the salon, causing the Plaintiff to believe that the officers were searching for someone. After a few minutes Defendant DETECTIVE DEREK RIVERA approached the Plaintiff and asked her "are there any drugs back there or anything we need to know about?" The Plaintiff informed Defendant DETECTIVE RIVERA that there were no drugs in the location. Defendant DETECTIVE RIVERA and the other members of the NEW YORK CITY POLICE DEPARTMENT proceeded to search the salon, after which the Officers ordered all the customers to leave the salon. The Plaintiff and her mother, who was also in the salon with the Plaintiff's eleven year old daughter, were not shown a search warrant by Defendant DETECTIVES RIVERA, HANNIBAL or JANE DOE or any other member of THE NEW YORK CITY POLICE DEPARTMENT present during the search of the salon, even though the Plaintiff requested to see a warrant. The Plaintiff's mother was eventually shown a search warrant that had the name of a business different than the salon. After several minutes the Plaintiff was ordered to go to the back of

the salon where Defendant DETECTIVE SHARLINE HANNIBAL, without lawful reason or cause, ordered the Plaintiff to remove her top and "pop open" her bra", whereupon the Plaintiff again asked to see a search warrant.  Defendant DETECTIVE HANNIBAL did not produce a warrant, instead physically grabbing the Plaintiff by the arms, along with another female Officer, herein identified as Defendant NEW YORK CITY POLICE DETECTIVE JANE DOE.  Defendant DETECTIVE HANNIBAL, Defendant DETECTIVE JANE DOE and three other members of THE NEW YORK CITY POLICE DEPARTMENT, without lawful reason or cause, proceeded to force the Plaintiff to the ground, causing lacerations to the Plaintiff's face and arms, whereupon Defendant DETECTIVE HANNIBAL proceeded to take her hand and place it in the rear of the Plaintiff's pants, while stating in sum and substance "I see it".  Defendant DETECTIVE HANNIBAL, Defendant OFFICER JANE DOE, along with Defendant DETECTIVE RIVERA, proceeded to physically drag the Plaintiff to the front of the salon, within view of the Plaintiff's daughter, causing the Plaintiff's daughter to ask the Officers what they were doing and where were they taking Plaintiff, whereupon Defendant DETECTIVE DEREK RIVERA stated in sum and substance to the Plaintiff: "tell her what you do, tell her what you do."  The Plaintiff was transported to a local precinct, where she was subjected to another physical search of her person by members of the NEW YORK CITY POLICE DEPARTMENT.  The Plaintiff was ultimately charged with Criminal Possession of a Controlled Substance in the 5th degree (New York Penal law Section 220.06) and Resisting Arrest (New York Penal Law Section 205. 30) upon the sworn complaint of Defendant NEW YORK CITY POLICE DETECTIVE DEREK RIVERA and Defendant NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL.  The Plaintiff was subsequently indicted by a Grand Jury of Bronx County upon knowingly false testimony provided by Defendant DETECTIVE DEREK RIVERA and

Defendant DETECTIVE SHARLINE HANNIBAL. The Plaintiff was required to pay for legal fees for retained counsel and make several Court appearances to defend herself against the false and malicious charges levied by Defendant NEW YORK CITY POLICE DETECTIVE DEREK RIVERA and Defendant NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL. On December 16, 2011, upon motion by THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE all criminal charges levied against the Plaintiff and based upon the sworn testimony of Defendant DETECTIVE DEREK RIVERA and Defendant DETECTIVE SHARLINE HANNIBAL were dismissed and sealed. As a result of the conduct alleged by the Plaintiff against Defendant DETECTIVE DEREK RIVERA, DETECTIVE SHARLINE HANNIBAL and Defendant DETECTIVE JANE DOE, the Plaintiff suffered physical injury to her arms, face and wrists for approximately one month after the alleged incident, as well as emotional upset, public humiliation and embarrassment.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Malicious Prosecution**

13. The Plaintiff incorporate by reference the allegations set forth in paragraphs One (1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, the conduct of Defendant NEWYORK CITY POLICE OFFICER JOHN DOE, acting under color of State Law, violated section 42 U.S.C. 1983 by falsely and maliciously accusing the Plaintiff of a crime without lawful reason or cause, which charges were dismissed and sealed.

–8–

15. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of rights secured by section 42 U. S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, False arrest**

16. Plaintiffs incorporate by reference the allegations set forth in paragraphs One through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE DEREK RIVER, Narcotics Borough Bronx, acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully and falsely arresting and detaining Plaintiff without probable cause.

18. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE DEREK RIVERA, Narcotics Borough Bronx, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983-**

**Unlawful Use of Excessive Force**

19. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Plaintiff was subjected to the excessive use of force by Defendants NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL, Narcotics Borough Bronx, and Defendant NEW YORK CITY POLICE OFFICER JANE DOE which force was undue and excessive in effectuating the arrest of Plaintiff resulting in the aforementioned and hereinafter mentioned injuries to Plaintiff.

21. As a consequence of Defendant NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL and NEW YORK CITY POLICE DETECTIVE JANE DOE'S actions, Plaintiff suffered and continues to suffer physical injury, great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT.

## FOURTH FEDERAL CLAIM

**Violation of the Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search and Seizure**

22. Plaintiff incorporates by reference each of the allegations contained in paragraphs One through Twenty One (21) as if fully set forth herein.

23. The Plaintiff was subjected to an unlawful search by Defendant NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL and NEW YORK CITY POLICE DETECTIVE JANE DOE, of Narcotics Borough Bronx, resulting in the aforementioned and hereinafter mentioned injuries to Plaintiff.

24. As a consequence of Defendant NEW YORK CITY POLICE DETECTIVE SHARLINE HANNIBAL and NEW YORK CITY POLICE DETECIVE JANE DOE'S actions, Plaintiff has

suffered and continues to suffer great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIFTH FEDERAL CLAIM

### Violation of Rights secured by section 42 U.S.C 1983- Malicious Prosecution

25. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One through Twenty Four (24) as if fully set forth herein.

26. The Plaintiff was subjected to malicious prosecution by Defendants NEW YORK CITY DETECTIVES DEREK RIVERA, and SHARLINE HANNIBAL who initiated a criminal prosecution of Plaintiff, without basis in fact or law.

27. As a consequence of the actions of Defendants NEW YORK CITY POLICE DETECTIVE DEREK RIVERA and DETECTIVE SHARLINE HANNIBAL, Plaintiff suffered the incurrence of legal fees and loss of time from employment, as well as extreme emotional upset, public humiliation and embarrassment.

## FIRST STATE LAW CLAIM

28. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. That the actions of Defendant New York City Police DETECTIVE DEREK RIVERA, resulted in the false arrest and detention of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

30. The Plaintiff Incorporates by reference the allegations contained in paragraphs One(1)

through Twenty nine (29) as if fully set forth herein.

31. That the actions of Defendant New York City Police DETECTIVE SHARLINE HANNIBAL and Defendant NEW YORK CITY POLICE DETECTIVE JANE DOE resulted in the false arrest and detention of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

32. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33. That the actions of Defendant New York City Police DETECTIVE DEREK RIVERA negligently caused and inflicted the physical injuries suffered to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

34. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. That the actions of Defendant New York City Police DETECTIVE SHARLINE HANNIBAL and Defendant NEW YORK CITY POLICE DETECTIVE JANE DOE negligently caused and inflicted the physical injuries suffered to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIFTH STATE LAW CLAIM

36. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant New York City Police DETECTIVE DEREK RIVERA, resulted in the false arrest, physical injury, detention and search and seizure of Plaintiff MARIBEL AQUINO, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SIXTH STATE LAW CLAIM

38. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Seven (37) as if fully set forth herein.

39. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or training Defendant New York City Police DETECTIVE SHARLINE HANNIBAL and Defendant NEW YORK CITY POLICE DETECTIVE JANE DOE, resulted in the false arrest, physical injury, detention and search and seizure of Plaintiff MARIBEL AQUINO, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SEVENTH STATE LAW CLAIM

40. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Nine (39) as if fully set forth herein.

41. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police DETECTIVE DEREK RIVERA, through the doctrine of Respondeat Superior, resulted in the false arrest, detention, physical injury, search and malicious prosecution of the Plaintiff without lawful reason or cause, resulting the aforementioned and hereinafter mentioned harm to Plaintiff.

### EIGHTH STATE LAW CLAIM

42. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty One (41) as if fully set forth herein.

43. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police DETECTIVE SHARLINE HANNIBAL and Defendant NEW YORK CITY POLICE DETECTIVE JANE DOE, through the doctrine of Respondeat Superior, resulted in the false arrest, detention, physical injury, search and malicious prosecution of the Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Detective DEREK RIVERA.

3. Punitive Damages against Defendant New York City Police Detective SHARLINE HANNIBAL.

4. Punitive Damages against Defendant New York City Police Detective JANE DOE.

5. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

6. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: March 15, 2013

_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax (212) 227-2330
E: vbrownlaw@yahoo.com